**In the Matter of the WELFARE OF M.D.C. and T.L.C.**

Nos. CX–92–2585, C1–92–2586.

Court of Appeals of Minnesota.

June 22, 1993.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Michael Richardson, Asst. County Atty., Minneapolis, for appellant Hennepin County.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, Asst. Public Defender, Minneapolis, for respondents M.D.C., T.L.C.

Considered and decided by DAVIES, P.J., and HUSPENI and HARTEN, JJ.

## OPINION

HUSPENI, Judge.

Appellant Hennepin County challenges the juvenile court's order dismissing petitions of delinquency based on respondents' alleged escape from juvenile correctional facilities. We reverse and remand.

## FACTS

Respondents M.D.C. and T.L.C. are alleged to have escaped from the Hennepin County Home School to which they had been committed by the juvenile court. Appellant Hennepin County filed petitions of delinquency based on the alleged escape. At a pretrial hearing, the juvenile court held that "absconding from the Hennepin County Home School is not an act of delinquency under the existing statutes" and dismissed the petitions. Hennepin County appealed the juvenile court's dismissal of the petitions. This court consolidated the appeals.

## ISSUE

Did the trial court err in dismissing the petitions on the ground that escape from a juvenile correctional facility is not an act of delinquency?

## ANALYSIS

This case involves the application of a statute to undisputed facts; accordingly, "[t]his court is not bound by the lower court's conclusions." *Meister v. Western Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn.1992). Hennepin County claims that the trial court erred in concluding that escape from a juvenile correctional facility is not an act of delinquency. We agree.

Minn.Stat. § 260.015 (1992) is the definitional section to chapter 260 entitled "Juveniles." Subdivision 5 of that section provides:

"Delinquent child" means a child:

(a) who has violated any state or local law, except as provided in section 260.193, subd. 1 [juvenile traffic offenders], and except for juvenile offenders as described in subdivisions 19 to 23 [certain status offenses];

(b) who has violated a federal law or a law of another state and whose case has been referred to the juvenile court if the violation would be an act of delinquency if committed in this state or a crime or offense if committed by an adult;

(c) who has escaped from confinement to a state juvenile correctional facility after being committed to the custody of the commissioner of corrections; or

(d) *who has escaped from confinement to a local juvenile correctional facility after being committed to the facility by the court.*

Minn.Stat. § 260.015, subd. 5 (1992) (emphasis added.) "The juvenile court has original and exclusive jurisdiction in proceedings concerning any child who is alleged to be delinquent." Minn.Stat. § 260.111, subd. 1 (1992).

It is undisputed that the Hennepin County Home School is a "local juvenile correctional facility" as described in section 260.015, and that respondents were committed to that facility by the court. No Minnesota statute specifically makes a child's escape from a juvenile correctional facility a crime. The sole question in this case is whether section 260.015 is sufficient to make such an escape an act of delinquency.

"Our objective when construing a statute is to ascertain and effectuate the legislature's intent." *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn. 1986). We will assume that "[t]he legislature intends the entire statute to be effective." Minn.Stat. § 645.17(2) (1992). Parts (a) and (b) of section 260.015, subdivision 5 define a delinquent child as one who has violated state or federal law. Part (d) of the section defines delinquent child as a

child who has escaped from a juvenile correctional facility. If violation of a state law were required to vest jurisdiction, then part (d) would be superfluous since a juvenile court would have jurisdiction arising under part (a) or (b).

In ascertaining the intention of the legislature, this court presumes that "the legislature does not intend a result that is absurd," Minn.Stat. § 645.17(1) (1992), and that the legislature "intends to favor the public interest against any private interest," Minn.Stat. § 645.17(5) (1992). Public policy clearly favors making escape from a juvenile correctional facility an act of delinquency. When a court commits a child to such a facility, it is in the public interest that the child not escape. To hold that escape from a juvenile correctional facility is not an act of delinquency and that the juvenile courts have no jurisdiction to address such behavior would be an absurd result.

Respondents argue that subdivision 5 of section 260.015 is not sufficient to make escape from a juvenile correctional facility an act of delinquency because the elements of the infraction are not clearly laid out. We disagree. The elements of the infraction are easily identifiable: (1) there must be an escape; (2) the escape must be from a juvenile correctional facility, and (3) the escape must be after commitment by the court. Whether a child's conduct meets each of these elements is an issue which must be addressed based on the specific facts of a given case.

We reverse the trial court's dismissal of the delinquency petitions and remand for hearings on the issue of whether the conduct of M.D.C. and T.L.C. in escaping from the juvenile correction facility meets the statutory requirements of Minn.Stat. § 260.015, subd. 5(d).

## DECISION

The trial court erred in concluding that escape from a juvenile correctional facility is not an act of delinquency. Accordingly, the trial court's order dismissing the petitions of delinquency is reversed, and the

case is remanded for determination on the merits.

**Reversed and remanded.**